# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **MARGARET DAVIS**, <br><br> Plaintiff, <br><br> v. <br><br> **ROCKET MORTGAGE LLC and MCCALLA, RAYMER, LEIBERT, PIERCE LLC**, <br><br> Defendant. | Civil Action No. 7:23-CV-109 |

## ORDER

Plaintiff Margaret Davis removed her *pro se* Complaint (Doc. 1-1) to this Court on October 6, 2023, against Defendants Rocket Mortgage LLC and McCalla, Raymer, Leibert, Pierce LLC ("Law Firm") alleging claims of fraud. Plaintiff has also filed a motion for leave to proceed without prepayment of the Court's filing fee (Doc. 2), which is now before the Court.

**I.    MOTION TO PROCEED IFP**

Plaintiff seeks to proceed with this action without prepayment of the $405.00 filing fee under 28 U.S.C. § 1915. When considering a motion to proceed *in forma pauperis* ("IFP") filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citation omitted). The Court should accept statements

contained in an IFP affidavit, "absent serious misrepresentation." *Id.* Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

After reviewing Plaintiff's application to proceed IFP, the Court is satisfied that Plaintiff is sufficiently impecunious to warrant allowing her to prosecute her case at the taxpayers' expense. Plaintiff has no monthly income or assets. Based on this information, the Court finds that Plaintiff is unable to pay the costs and fees associated with this lawsuit and also manage the expenses of her household. Accordingly, Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**. This case shall proceed without the prepayment of fees.

## II.     PRELIMINARY REVIEW

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Plaintiff alleges that abusive, deceptive, and unfair debt collection practices led to a false claim being filed against her on behalf of Rocket Mortgage LLC by the law firm McCalla, Raymer, Leibert, Pierce LLC in Magistrate Court of Thomas County. Plaintiff claims that the Magistrate Court did not have subject matter jurisdiction and that no controversy existed at the time of the filing. The Magistrate Court ruled against Plaintiff and Plaintiff has since appealed the matter before the Georgia Court of Appeals.

Plaintiff appears to be asking this Court to review a final decision by a state court that is currently on appeal before the Georgia Court of Appeals. "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); see also *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). This Court does not have jurisdiction to review the decision of a state court in this matter. Furthermore, even if Plaintiff's actions were ongoing and a final decision had not

been rendered, Plaintiff's removal is still improper before this Court as Plaintiff did not timely remove this case. 28 U.S.C. § 1446(b).

Additionally, Plaintiff removed this action before the Court alleging diversity jurisdiction. To invoke a federal court's diversity jurisdiction, a plaintiff must demonstrate that the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that Defendant Rocket Mortgage is a citizen of Michigan and that Defendant Law Firm is a citizen of Georgia. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). While plaintiff does not consider herself to be a citizen of the United States, for purposes of diversity jurisdiction, Plaintiff is domiciled in Thomasville, Georgia. Complete diversity does not exist among the parties as both Plaintiff and Defendant Law Firm are considered citizens of the state of Georgia. For the foregoing reasons, the Court lacks jurisdiction over the case. The Court **DISMISSES** this action for lack jurisdiction.

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's motion to proceed IFP. (Doc. 2). However, after conducting a preliminary review of Plaintiff's Complaint, the Court concludes that it lacks jurisdiction to entertain Plaintiff's claims and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction.

**SO ORDERED**, this the 25th day of January, 2024.

                     _/s/ Hugh Lawson_
                     **HUGH LAWSON, SENIOR JUDGE**